IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LANCE MURPHY, #157968, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09-CV-264-WHA |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Lance Murphy ["Murphy"], an inmate confined on an warrant lodged against him by officials of Chambers County, Alabama. In this petition, Murphy seeks to challenge the constitutionality of his confinement resulting from the aforementioned warrant.

At the time he filed the instant habeas petition, Murphy did not pay the $5.00 filing fee nor did he submit an affidavit in support of a motion for leave to proceed *in forma pauperis*. Thus, the court did not have the information necessary to determine whether Murphy should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Murphy file either the requisite fee or provide the court with his financial information. *Order of April 2, 2009 - Court Doc. No. 2*. Murphy failed to respond to the aforementioned order within the prescribed time. The court therefore issued an order "that on or before May 18, 2009 the petitioner ... show cause why he has failed to

file a response in compliance with the order entered on April 2, 2009 (Court Doc. No. 2)." *Order of May 7, 2009 - Court Doc. No. 3*. This order specifically cautioned Murphy "that his failure to file a response to the instant order and/or the previous order requiring submission of requisite financial information will result in a Recommendation that this case be dismissed." *Id*. As of the present date, Murphy has likewise filed nothing in response to the May 14, 2009 order. The court therefore concludes that the instant petition for habeas corpus relief is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Murphy's failure to comply with the orders of this court.

It is further

ORDERED that on or before June 2, 2009, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 20th day of May, 2009.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE